**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINIS**
**EASTERN DIVISION**

| | |
|---|---|
| **FIRSTMERIT BANK, N.A.,** | |
| **Plaintiff,** | |
| **v.** | **No.** |
| **KIANOOSH JAFARI, an Illinois resident,** | |
| **Defendant.** | |

## COMPLAINT

Plaintiff FirstMerit Bank, N.A., by its attorneys Cohon Raizes & Regal LLP, for its complaint against Defendant Kianoosh Jafari states as follows:

1.      Plaintiff FirstMerit Bank, N.A. ("**Plaintiff**") is a national banking association with its main office located in Akron, Ohio.

2.      Defendant Kianoosh Jafari (**"Defendant"**) is a resident of DuPage County, Illinois.

3.      Jurisdiction of this Court is based on diversity of citizenship. 28 U.S.C. § 1332. There is complete diversity and the matters in controversy, exclusive of interest and costs, exceed the sum of $75,000.

4.      Venue is proper in this District because Defendant resides in this District and the transactions which are subject of this complaint occurred here. 18 U.S.C. § 1391.

### The Jafari Family Guaranty

5.      On or about April 18, 2008, Midwest Bank and Trust Company ("Midwest Bank") loaned to Jafari Family, LLC (**"Jafari Family"**) and Jafari Family borrowed from Midwest Bank, the sum of $1,280,000.00, and on said date Jafari Family executed and delivered

1

to Midwest Bank a promissory note ("**Jafari Family Note**") dated April 18, 2008, in that amount. *A true and correct copy of the Jafari Family Note and Amendment to Note is attached hereto as Exhibit A.*

6.      Also on or about April 18, 2008, Defendant executed an unconditional guarantee **("Jafari Family Guaranty")** unconditionally guaranteeing payment of the Jafari Family Note. *A true and correct copy of the Jafari Family Guaranty is attached hereto as Exhibit B.*

7.      On or about April 5, 2013, Plaintiff, Jafari Family and Defendant executed an Amendment to Note, which in part, extended the maturity date of the Jafari Family Note to July 18, 2013. *Exh. A.*

8.      The Jafari Family Note matured on July 18, 2013.

9.      Jafari Family failed to pay the sums due and owing to Plaintiff as required by the Jafari Family Note.

10.     According to the terms of the Jafari Family Note, failure to make any payment when due constitutes an event of default.

11.     The Jafari Family Note is in default.

**The Gilda Jafari Trust Guaranty**

12.     On or about April 18, 2008, Midwest Bank loaned to the Gilda Jafari 1997 Trust **("Gilda Jafari Trust")** and the Gilda Jafari Trust borrowed from Midwest Bank, the sum of $1,245,000.00, and on said date the Gilda Jafari Trust executed and delivered to Midwest Bank a promissory note ("**Gilda Jafari Trust Note**") dated April 18, 2008, in that amount. *A true and correct copy of the Gilda Jafari Trust Note and the Amendment to Note is attached hereto as Exhibit C.*

13.     Also on or about April 18, 2008, Defendant executed an unconditional guarantee

2

(**"Gilda Jafari Trust Guaranty"**) unconditionally guaranteeing payment of the Gilda Jafari Trust Note. *A true and correct copy of the Gilda Jafari Trust Guaranty is attached hereto as Exhibit D.*

14.     On or about April 5, 2013, Plaintiff, the Gilda Jafari Trust and Defendant executed an Amendment to Note, which in part, extended the maturity date of the Gilda Jafari Trust Note to July 18, 2013.  *Exh. C.*

15.     The Gilda Jafari Trust Note matured on July 18, 2013.

16.     The Gilda Jafari Trust failed to pay the sums due and owing to Plaintiff as required by the Gilda Jafari Trust Note.

17.     According to the terms of the Gilda Jafari Trust Note, failure to make any payment when due constitutes an event of default.

18.     The Gilda Jafari Family Note is in default.

19.     On Friday, May 14, 2010, Midwest Bank was closed by the Illinois Department of Financial Professional Regulation - Division of Banking, and the Federal Deposit Insurance Corporation (FDIC) was named Receiver.

20.     On or about May 14, 2010, the FDIC, as receiver for Midwest Bank, and FirstMerit Bank, N.A., entered into a purchase and assumption agreement under which FirstMerit assumed substantially all of the assets of Midwest Bank.

21.     The assets purchased by FirstMerit under the PAA include, without limitation, the Jafari Family Note, the Jafari Family Guaranty, the Gilda Jafari Trust Note, the Gilda Jafari Trust Guaranty and all related loan documents that are the subject of this complaint.

3

## COUNT I
## Breach of the Jafari Family Guaranty

22.     Plaintiff realleges paragraphs 1 through 11 and 19 through 21 above as paragraph 22 of this Count I.

23.     As of April 3, 2014, there is due and unpaid under the Jafari Family Note the following sums:

| | |
|---|---|
| Principal: | $1,147,384.33 |
| Accrued interest: | 59,653.68 |
| Late fees: | 59,764.84 |
| Total | 1,266,802.85 |

Since April 3, 2013, interest has continued to accrue on the balance due under the Note at a per diem rate of $358.56.

24.     Jafari Family is liable to Plaintiff for all costs of collection, including reasonable attorneys' fees.

25.     Despite numerous demands by Plaintiff, Jafari Family has failed to pay the amounts due and owing under the terms of the Jafari Family Note.

26.     Plaintiff has been damaged by Jafari Family's failure to pay the sums due under the Jafari Family Note in the amount of $1,266,802.85, representing principal, interest, and late fees through April 3, 2014, plus accrued interest and late fees thereafter, and reasonable attorneys' fees and costs.

27.     Guarantor is obligated under the Jafari Family Guaranty to pay Plaintiff all amounts due and owing by Jafari Family to Plaintiff under the Jafari Family Note.

WHEREFORE, Plaintiff FirstMerit Bank, N.A., prays that the Court:

A.     Enter judgment in favor of Plaintiff FirstMerit Bank, N.A. and against Defendant Kianoosh Jafari, in the amount of $1,266,802.85, plus accrued interest after April 3, 2014, at a

rate of $358.56 per diem to the date of entry of judgment, accrued late fees, all other fees

allowed under the loan documents, including without limitation advances for taxes and/or

insurance, appraisal fees, title fees and reasonable attorneys' fees and costs in this action; and

  B.  For such other and further relief as this Court deems just.

**COUNT II**
**Breach of the Gilda Jafari Trust Guaranty**

  28.  Plaintiff realleges paragraphs 1 through 4 and 12 through 21 above as paragraph

28 of this Count II.

  29.  As of April 3, 2014, there is due and unpaid under the Gilda Jafari Trust Note the

following sums:

| | |
|---|---|
| Principal: | $1,115,985.71 |
| Accrued interest: | 58,007.99 |
| Late fees: | 58,129.39 |
| Total | $1,232,123.09 |

  Since April 3, 2014, interest has continued to accrue on the balance due under the

Note at a per diem rate of $348.75.

  30.  The Gilda Jafari Trust is liable to Plaintiff for all costs of collection, including

reasonable attorneys' fees.

  31.  Despite numerous demands by Plaintiff, the Gilda Jafari Trust has failed to pay

the amounts due and owing under the terms of the Gilda Jafari Trust Note.

  32.  Plaintiff has been damaged by the Gilda Jafari Trust's failure to pay the sums due

under the Gilda Jafari Trust Note in the amount of $1,232,123.09, representing principal,

interest, and late fees through April 3, 2014, plus accrued interest and late fees thereafter, and

reasonable attorneys' fees and costs.

5

33.     Guarantor is obligated under the Gilda Jafari Trust Guaranty to pay Plaintiff all amounts due and owing by the Gilda Jafari Trust to Plaintiff under the Gilda Jafari Trust Note.

WHEREFORE, Plaintiff FirstMerit Bank, N.A., prays that the Court:

A.     Enter judgment in favor of Plaintiff FirstMerit Bank, N.A. and against Defendant Kianoosh Jafari, in the amount of $1,232,123.09, plus accrued interest after April 3, 2014, at a rate of $348.75 per diem to the date of entry of judgment, accrued late fees, all other fees allowed under the loan documents, including without limitation advances for taxes and/or insurance, appraisal fees, title fees and reasonable attorneys' fees and costs in this action; and

B.     For such other and further relief as this Court deems just.

**FIRSTMERIT BANK, NA**


By:     /s/ Amy E. Daleo
        One of Its Attorneys

Cornelius P. Brown (#0312355)
Amy E. Daleo (#6281091)
Cohon Raizes & Regal LLP
208 S. LaSalle Street
Suite 1860
Chicago, Illinois 60604
Phone: (312)726-2262

Date: April 4, 2014